**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joanenice Shields,<br><br>        Plaintiff,<br><br>vs.<br><br>Insight Enterprises, Inc., aka Insight Direct USA, Inc.; The United States Equal Employment Opportunities Commission; Frontier Technology, LLC, d/b/a Microage, LLC,<br><br>        Defendants. | No. CV-11-2058-PHX-LOA |

This matter arises on the Court's review of the file. On October 21, 2011, Plaintiff Joanenice Shields filed a *pro se* Complaint against Defendants. (Doc. 1) On the same day, Plaintiff filed a Motion to Proceed *In Forma Pauperis*. The Court has entered a separate order that Plaintiff shall file her written election to either consent to magistrate-judge jurisdiction or elect to proceed before a United States district judge on or before Friday, November 4, 2011. (Doc. 4)

**I. Standard for Reviewing Complaint**

A district court is required to screen complaints brought by litigants who request, or have been granted, leave to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Jones v. Social Sec. Admin.*, 2007 WL 806628, at * 1 (E.D.Cal. Mar. 15, 2007). Title 28 U.S.C. § 1915(e)(2)

provides that the district court "shall dismiss a case at any time if it determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is legally frivolous within the meaning of § 1915 "where it lacks any arguable basis either in law or in fact." *Denton*, 504 U.S. at 31.

Federal Rule of Civil Procedure 8(a), FED.R.CIV.P., provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8(a), FED.R.CIV.P. Federal Rule of Civil Procedure 8(d), Fed.R.Civ.P., provides that "[e]ach allegation must be simple, concise, and direct." Rule 8(d), Fed.R.Civ.P.

While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In other words, "a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 125 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific

- 2 -

1 task that requires the reviewing court to draw on its judicial experience and common sense."
2 *Id*. at 1950.

3 **II. Controlling law**

4 The Court will discuss the relevant law and then will address the deficiencies in
5 Plaintiff's Complaint.

### A. Racial and Gender Discrimination Claims

7 Title VII prohibits employment discrimination based on any of its enumerated
8 grounds: "'race, color, religion, sex, or national origin.'" *Harris v. Forklift Sys., Inc*., 510 U.S.
9 17, 21 (1993) (quoting 42 U.S.C. § 2000e-2(a)(1)).

10 Under the framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792
11 (1973), a Title VII plaintiff alleging disparate treatment must first establish a *prima facie* case
12 of discrimination. *Id*. at 802; *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 (9th Cir.
13 2003). Once the plaintiff has made a *prima facie* case, the burden shifts to the defendant to
14 provide a legitimate, nondiscriminatory reason for its conduct. *Vasquez*, 349 F.3d at 640. If the
15 defendant provides such a reason, the burden shifts back to the plaintiff to show that the
16 employer's offered reason is a pretext for discrimination. *Id*.

17 In order to establish a plausible claim of racial and/or gender discrimination at the
18 pleading stage pursuant to Rule 8(a)(2) and *Twombly*/*Iqbal*, a plaintiff must allege in her
19 complaint, and provide sufficient factual content to support, a reasonable inference that
20 plaintiff: (1) is a member of a protected class; (2) performed according to the employer's
21 legitimate expectations; (3) suffered an adverse employment action; and (4) was treated less
22 favorably than other employees outside her protected class that were similarly situated. *See*,
23 *e.g.*, *Nicholson v. Hyannis Air Serv., Inc.*, 580 F.3d 1116, 1123 (9th Cir. 2009); *Godwin v. Hunt*
24 *Wesson, Inc*., 150 F.3d 1217, 1220 (9th Cir. 1998) (citing *McDonnell Douglas Corp*., 411 U.S.
25 at 802).

### B. Retaliation Claim

27 "Title VII prohibits employers from discriminating against an employee because that
28 employee 'has opposed any practice made an unlawful employment practice by this subchapter,

or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.'" *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (quoting 42 U.S.C. § 2000e-3(a)).

In order to establish a plausible claim of retaliation at the pleading stage pursuant to Rule 8(a)(2) and *Twombly/Iqbal*, a plaintiff must allege in her complaint, and provide sufficient factual content to support, a reasonable inference that: "(1) [she] engaged in a protected activity; (2) [her] employer subjected [her] to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray*, 217 F.3d at 1240. A plaintiff can show that she engaged in a protected activity when she "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3. Thus, for example, filing a complaint with the EEOC is a protected activity. *Gifford v. Atchison, Topeka & Santa Fe Ry. Co.*, 685 F.2d 1149, 1156 n. 3 (9th Cir. 1982); *Sias v. City Demonstration Agency*, 588 F.2d 692, 695 (9th Cir. 1978).

As in a racial or gender discrimination claim, once a plaintiff has established a *prima facie* case, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for its conduct. *Vasquez*, 349 F.3d at 640. If the defendant provides such a reason, the burden shifts back to the plaintiff to show that the employer's offered reason is a pretext for discrimination. *Id*.

**C. Racketeer Influenced and Corrupt Organizations Act ("RICO") Claim**

A RICO *prima facie* claim requires establishing (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010). In other words, "[t]he RICO statute makes it unlawful for any person associated with an enterprise to participate in the conduct of such enterprise's affairs through a pattern of racketeering." *Martinelli v. Petland, Inc.*, 274 F.R.D. 658, 660 (D.Ariz. 2011). Furthermore, there must be "harm to a specific business or property interest." *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005).

Title 18 U.S.C. § 1961(1)(B) defines "enterprise" as "includ[ing] any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals

- 4 -

associated in fact although not a legal entity." 18 U.S.C. § 1961(1)(B). An enterprise need not be a single entity, but can be an association-in-fact enterprise, which "must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 129 S. Ct. 2237, 2244 (2009).

"Racketeering activity" includes any act indictable under certain enumerated federal criminal statutes, including 18 U.S.C. § 1503, which makes obstruction of justice a criminal offense. *Id*. Obstruction of justice is defined as, *inter alia*, "corruptly or by threats or force, or by any threatening letter or communication, influenc[ing], obstruct[ing], or imped[ing], or endeavors to influence, obstruct, or impede, the due administration of justice." 18 U.S.C. § 1503(a).

A pattern of racketeering activity "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(1)(B); *Boyle*, 129 S. Ct. at 2244. "At a minimum, a 'pattern' requires that the predicate criminal acts be 'related' and 'continuous.'" *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995) (quoting *H.J. Inc. v. Nw. Bell Telephone Co.*, 492 U.S. 229, 239 (1989)). "Continuity is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.*, 492 U.S. at 241 (quotation omitted). The continuity requirement may be established by showing multiple criminal schemes in the commission of the predicate acts, or by showing multiple predicate acts that are part of a single scheme. *Id*. at 240; *Allwaste*, 65 F.3d at 1528.

"Closed-ended continuity is established by showing that related predicate acts occurred over a substantial period of time." *Allwaste, Inc.*, 65 F.3d at 1527 (quotations omitted). "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement[.]" *H.J. Inc.*, 492 U.S. at 242. "Where long-term criminal conduct cannot be established, open-ended continuity may be proved." *Allwaste*, 65 F.3d at 1527 (quotation omitted). "Open-ended continuity is the threat that criminal conduct will continue into the future." *Id*. "It is established by showing either that the predicate acts 'include

- 5 -

1 a specific threat of repetition extending indefinitely into the future' or that the predicate acts
2 were 'part of an ongoing entity's regular way of doing business.'" *Id*. (quoting *H.J. Inc.*, 492
3 U.S. at 242).

4          The "harm to a specific business or property interest" must be one that "is cognizable
5 under state law." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1055 (9th Cir.
6 2008); *Diaz*, 420 F.3d at 900. In a RICO claim, courts will "typically look to state law to
7 determine whether a particular interest amounts to property." *Diaz*, 420 F.3d at 899 (quotation
8 omitted). This element consists of two parts. "First, a civil RICO plaintiff must show that his
9 injury was proximately caused by the fraudulent conduct." *Fireman's Fund Ins. Co. v. Stites*,
10 258 F.3d 1016, 1021 (9th Cir. 2001); *Marceau v. Int'l Broth. of Elec. Workers*, 618 F. Supp. 2d
11 1127, 1165 (D.Ariz. 2009). "Second, the plaintiff must show that he has suffered a concrete
12 financial loss by documenting the amount of damages to which he is entitled." *Fireman's Fund*
13 *Ins. Co.*, 258 F.3d at 1021.

14 **III. Discussion**

15          In order for Plaintiff's claims to go forward, she must state claims upon which relief
16 may be granted. 28 U.S.C. § 1915(e)(2)(B). Plaintiff alleges that (1) she was the only African
17 American female account executive at her place of employment, doc. 1 at 5; (2) she was a top
18 performer on her sales teams, *id*. at 4; (3) she was terminated from her job, *id*. at 9; and (4) she
19 was repeatedly asked to share her pay with a certain Caucasian, male employee, while other
20 non-African American, male employees were not, *id*. at 5. Accordingly, Plaintiff has met her
21 plausible-claim burden with respect to her claims for racial and gender discrimination.
22 However, if the defendant provides a legitimate, non-discriminatory reason for its conduct,
23 Plaintiff will have the ultimate burden of showing that defendant's offered reason is a pretext
24 for discrimination. *Vasquez*, 349 F.3d at 640.

25          Plaintiff's Complaint, however, does not set forth sufficient facts to establish plausible
26 claims of retaliation and RICO. For example, Plaintiff does not show any "causal link exists
27 between the protected activity and the adverse action." *Ray*, 217 F.3d at 1240. Thus, her claim
28 does not meet Rule 8 and *Iqbal/Twombly* pleading requirements. Likewise, repetitive and

1 conclusory assertions that multiple entities conspired to obstruct justice and engaged in
2 racketeering activities do not meet the Rule 8 and *Iqbal/Twombly* standard for pleading a RICO
3 claim.

4 A party is entitled to amend pleadings once "as a matter of course" at any time before
5 a responsive pleading is served. Fed.R.Civ.P. 15(a); *Allwaste*, 65 F.3d at 1530; *Wages v. IRS*,
6 915 F.2d 1230, 1235 (9th Cir. 1990). Therefore, the Court will order Plaintiff to amend her
7 Complaint consistent with this screening order by either omitting the retaliation and RICO
8 claims, or by adding sufficient facts to meet Rule 8 and *Iqbal/Twombly* requirements. An
9 amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc*., 114 F.3d 1467,
10 1474 (9th Cir. 1997), and shall "[n]ot to incorporate by reference any part of the preceding
11 pleading, including exhibits." LRCiv 15.1.

12 Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure
13 and the Rules of the United States District Court for the District of Arizona ("Local Rules").
14 *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules
15 of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.
16 1986) (*pro se* litigants "should not be treated more favorably than parties with attorneys of
17 record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986)
18 ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which [she]
19 litigates."). The Federal Rules of Civil Procedure are available at the following Internet website:
20 http:// www.law.cornell.edu/rules/frcp/. A copy of the Cour''s Local Rules of Civil Procedure
21 may be obtained from the Clerk's Office.

22 Accordingly,

23 **IT IS ORDERED** that on or before **Monday, November 14, 2011**, Plaintiff shall file
24 an Amended Complaint in full compliance with this screening order.

25
26 / / /
27 / / /
28

- 7 -

**IT IS FURTHER ORDERED** that the failure to fully comply with this order may result in the dismissal of Plaintiff's Complaint without prejudice.

Dated this 1st day of November, 2011.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge